UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. 2:15-cv-2691-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO NEWS AND REVIEW, et al., | |
| Defendants. | |

Plaintiff Seavon Pierce is a state prisoner proceeding without counsel in a civil action. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

1

state a claim upon which relief may be granted. *See* (1) *Pierce v. Gonzales*, No. 1:10-cv-285-JLT (E.D. Cal. Dec. 3, 2012) (order dismissing action for failure to state a claim); (2) *Pierce v. Gonzales*, No. 13-15114 (9th Cir.) (March 28, 2013 order denying motion to proceed in forma pauperis on ground that appeal was frivolous, and May 7, 2013 order dismissing appeal for failure to prosecute after plaintiff failed to pay the filing fee)[1]; (3) *Pierce v. Unknown*, No. 1:15-cv-650-DAD-DLB (E.D. Cal. Dec. 1, 2015) (order dismissing action for failure to state a claim). *See also Pierce v. Birotte*, No. 2:15-cv-7552-VAP-CW (C.D. Cal. Oct. 4, 2015) (order designating plaintiff a three-strikes litigant for purposes of § 1915(g) and listing four additional "strikes" incurred by plaintiff).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In the complaint (ECF No. 1), plaintiff complains that various records have been "falsified." His allegations do not demonstrate that he suffered from an ongoing or imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

---

[1] The dismissal of this appeal, though styled as one for failure to prosecute, also qualifies as a strike. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300-MCE-CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

Because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE